IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUMI-LOVE CO., LTD. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. H-05-1253 |
| ) | |
| MINNACCA, INC. D/B/A/ HOUSE OF ) | |
| MAURI SIMONE ) | |
| ) | |
| Defendant ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the court is a motion for summary judgment brought by the Defendant, Minnacca, Inc. d/b/a/ House of Mauri Simone (Minnacca), to dismiss the claims of the Plaintiff, Lumi-Love Co., Ltd. (Lumi-Love).  Doc. 23.  Lumi-Love has filed no response since the motion was filed on February 9, 2006.

In January and March 2003, Lumi-Love alleged that it sent goods to a business identified as Mauri Simone.  At the time, a person named Ishita Manchanda was doing business as Mauri Simone.  On July 30, 2003, Minnacca purchased the unregistered trademark for Mauri Simone from Ishita Manchanda.  Ishita Manchanda was not a shareholder, director, officer, employee, or agent of Minnacca  Conversely, Minnacca held no interest in any business owned by Ishita Manchanda.  The purchase agreement did not transfer ownership of any goods or legal rights other than the right to use two words for a commercial purpose.

A party moving for summary judgment must inform the court of the basis of the  motion  and  identify  those  portions  of  the  pleadings,  depositions,  answers  to

interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In this case, the evidence establishes (1) that Ishita Manchanda may have ordered goods from Lumi-Love, (2) that Minnacca purchased a trade name or trademark and nothing else from Ishita Manchanda, (3) that Ishita Manchanda and Minnacca were not associated in any way beyond that purchase of a trade name or trademark; and (4) that Minnacca did not order goods from Lumi-Love.

This court is not aware of any theory of that would render one legal entity liable for the actions of another legal entity simply because they operated, even contemporaneously, under the same name any more than one John Smith could be liable for any debt owed by another John Smith.  Accordingly, it is hereby ORDERED that all claims by the Plaintiff, Lumi-Love Co., Ltd., against the Defendant, Minnacca, Inc., are dismissed.

SIGNED at Houston, Texas, this 9th day of March, 2006.

        _____
        MELINDA HARMON
        UNITED STATES DISTRICT JUDGE